UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| MICHAEL S. GOLDBERG, LLC, | : | CASE NOS.   09-22370 (ASD) |
| MICHAEL S. GOLDBERG, | : | 09-23371 (ASD) |
| Debtors | : | |
| | : | JOINTLY ADMINISTERED |
| | : | CASE NO.   09-23370 |
| JAMES BERMAN, TRUSTEE | : | |
| Plaintiff | : | |
| v. | : | ADV. PRO. NO. 10-02129 (ASD) |
| MICHAEL MALLEY, | : | |
| MICHAEL S. GOLDBERG, LLC, and | : | |
| MICHAEL S. GOLDBERG, | : | |
| Defendants | : | DECEMBER 22, 2010 |

**ANSWER AND SPECIAL DEFENSES OF DEFENDANT MICHAEL MALLEY**

The Defendant, Michael Malley (the "Defendant" or "Malley"), answers the complaint of the Plaintiff, James Berman, Trustee (the "Plaintiff" or "Trustee"), as follows:

1.–19.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

20.–27.    Defendant admits the allegations contained herein.

28.–30.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

31.    Defendant admits the allegations contained herein.

32.–33.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

## First Claim for Relief
### 11 U.S.C. §§ 547, 550, 551
### (90-day Preferential Transfers Against Malley)

34.     Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 33.

35.–40.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

41.     Defendant denies the allegations contained herein.

## Second Claim for Relief
### 11 U.S.C. §§ 547, 550(a), 550(c) and 551
### (One Year Preferential Transfers Against Malley)

42.     Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 41.

43.–44.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

45.–50.   Defendant denies the allegations contained herein.

## Third Claim for Relief
### 11 U.S.C. §§ 548(a)(1)(A), 550, and 551
### (Intentional Fraudulent Transfer Against Malley and the Debtors)

51.     Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 50.

52.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

53.–55.   Defendant denies the allegations contained herein.

**Fourth Claim for Relief**
**11 U.S.C. §§ 548(a)(1)(B), 550, and 551**
**(Constructive Fraudulent Transfer Against Malley and the Debtors)**

56.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 55.

57.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

58.–63.  Defendant denies the allegations contained herein.

**Fifth Claim for Relief**
**11 U.S.C. § 544(b)(1), 550(a), and 551, and Conn. Gen. Stat. § 52-552e(a)(1) and 52-552h(a)**
**(UFTA Intentional Fraudulent Transfer Against Malley and the Debtors)**

64.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 63.

65.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

66.–70.  Defendant denies the allegations contained herein.

**Sixth Claim for Relief**
**Conn. Gen. Stat. §§ 52-552e(a)(2) and 52-552f(a)**
**(UFTA Constructive Fraudulent Transfer Against Malley and the Debtors)**

71.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 70.

72.–76.  Defendant denies the allegations contained herein.

**Seventh Claim for Relief**
**11 U.S.C. § 502(d)**
**(Claims Disallowance Against Malley)**

77.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 67.

78.–84.  Defendant denies the allegations contained herein.

**Eighth Claim for Relief**
**11 U.S.C. § 544(b)(1), 550(a), and 551, and Conn. Gen. Stat. § 52-552e(a)(1) and 52-552h(a)**
**(UFTA Intentional Fraudulent Transfer Against Malley and the Debtors)**

85.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 84.

86.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained herein and leaves the Plaintiff to his proof.

87.–93.  Defendant denies the allegations contained herein.

**Ninth Claim for Relief**
**11 U.S.C. § 502(d)**
**(Claims Disallowance Against Malley)**

94.  Defendant repeats, restates, and reiterates his response to each and every allegation contained in paragraphs 1 through 93.

95.–96.  Defendant denies the allegations contained herein.

## SPECIAL DEFENSES

### First Special Defense
### Good Faith Defense

Defendant invested with the Debtors in good faith and was unaware that the Debtors' "business" was a Ponzi scheme until the Debtors' arrest.

### Second Special Defense
### Debtors had no Legal or Equitable Interest in Transferred Property

1. Debtors had no legal or equitable interest in the transferred property as all such property was acquired through fraud, theft, embezzlement, and/or conversion.

2. As a result of the foregoing, Trustee has no right to seek avoidance or recovery of the transfers complained of herein.

### Third Special Defense
### Reasonably Equivalent Value

Debtors' transfers to Defendant were for reasonably equivalent value.

### Fourth Special Defense
### Debtors Did Not Acquire Interest in Assets Allegedly Transferred

The property and funds allegedly transferred to the Defendant were obtained through the fraud of the Debtors where the Debtors knowingly took funds from some investors to pay other investors and, therefore, the Debtors did not rightfully acquire title or equitable interest to the property subsequently transferred to them. Thus, the Trustee cannot avoid the alleged transfers of an "interest of the Debtors in property."

### Fifth Special Defense
### Constructive Trust

The funds allegedly transferred to the Defendant were not property of the Debtors, but were property of the Defendant being held in trust by the Debtors. Consequently, any funds allegedly transferred were not a transfer of an interest in property of the Debtors subject to any type of avoidance.

### Sixth Special Defense
### Monies Held in Trust for Another are not Property of the Estate

Pursuant to 11 U.S.C. § 541(a), property of the estate does not include property that the Debtors were holding in trust for another.

### Seventh Special Defense
### Plaintiff's Claims are Barred by the Statute of Limitations, Conn. Gen. Stat. § 52-552j

Some or all of the Plaintiff's claims brought under the Connecticut Uniform Fraudulent Transfer Act are barred in whole or in part by the statute of limitations codified at Connecticut General Statutes § 52-552j.

### Eighth Special Defense
### Plaintiff Fails to State a Claim upon which Relief may be Granted

One or more of the counts in the Plaintiff's complaint fail to state a claim upon which relief may be granted.

                                        DEFENDANT,
                                        MICHAEL MALLEY

Dated: December 22, 2010

                        BY:    */s/ Ronald I. Chorches*
                                 Ronald I. Chorches
                                 Fed. Bar # ct08720

                                 */s/ Edward S. Noble III*
                                 Edward S. Noble III
                                 Fed. Bar # ct27459
                                 Law Offices of Ronald I. Chorches, LLC
                                 499 Silas Deane Highway – 2$_{nd}$ Floor
                                 Wethersfield, Connecticut 06109
                                 Phone: (860) 563-3955 / Fax: (860) 513-1577
                                 E-mail: ronaldchorches@sbcglobal.net
                                 His Attorneys